MDSM
Matthew L. Sharp, Esq.
Nevada State Bar #4746
MATTHEW L. SHARP, LTD.
432 Ridge St.
Reno, NV 89501
(775) 324-1500
matt@mattsharplaw.com

*Attorneys for Defendant Sylvia Esparza*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CENTURY SURETY COMPANY, a foreign corporation;<br><br>                                Plaintiff,<br><br>          v.<br><br>DENNIS PRINCE, GEORGE RANALI, and SYLVIA ESPARZA,<br><br>                                Defendants. | CASE NO. 2-16-CV-02465-JCM-PAL<br><br><br>**DEFENDANT SYLVIA ESPARZA'S MOTION TO DISMISS** |

Defendant Sylvia Esparza files a Motion to Dismiss and joins in Defendant Dennis Prince's Motion to Dismiss.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Pursuant NRS 41.660 and the litigation privilege, this case should be dismissed as the claims arises from conduct occurring in the course of litigation and Plaintiff can present its defense of fraud and collusion in obtaining a state court judgment before Judge Andrew Gordon in *Andrews v. Century Surety Co.*, No.2:12-cv-00978 (D. Nev.).   Indeed, Century Surety Co. is a disgruntled litigant who is filing a shakedown lawsuit for the improper purpose of: (1) forum shopping as two other judges looking at the same facts have made rulings that Century Surety doesn't like; (2) intimidating and punishing lawyers like Defendant Sylvia Esparza who dare to think that Century Surety should be held accountable for breaching its duty to defend its insured Michael Vasquez; and (3) seeking discovery that Judge Andrew Gordon prohibited.

1

Century Surety alleges that Dennis Prince, Sylvia Esparza, Progressive Insurance Company[1], and Progressive Insurance Company's lawyer George Ranelli have committed insurance fraud against Century Surety by orchestrating an alleged scheme to obtain a default judgment against Century Surety's insured Michael Vasquez in *Pretner v. Vasquez*, Clark County District Court Case No. A-11-632845-C ("state action"), and to seek to enforce the judgment in *Andrews v. Surety Co.* ("federal action").

However, Judge Douglas Herndon, the presiding judge in the state action, denied Century Surety's attempt to set aside the state court judgment against Vasquez upon allegations of fraud and collusion. Prince Motion, Exs. 23-25. Judge Andrew Gordon, the presiding judge in the federal action, has ruled Century Surety breached its duty to defend and will be responsible for the amount of the default judgment absent a showing of "fraud or collusion" in obtaining the default judgment in the state action. *Andrew v. Century Surety Co.,* 134 F. Supp.3d 1249, 1266 ("Here, Century is bound by the default judgment's damage amount as a measure of Blue Streak's consequential damages unless it can show the default judgment was unreasonable or that it was procured through fraud or collusion.") Judge Gordon found there were questions of fact as to whether the judgment was procured through fraud or collusion. *Id.* at 1266-1270. Rather than waiting for a trial on fraud and collusion in front of Judge Gordon, and conveniently after Judge Gordon issued an order denying Century Surety's efforts to reopen discovery on the defense of fraud and collusion on the basis of its failure to timely pursue discovery, Century Surety files this action. *Id.* at n.9 (regarding refusal to reopen discovery). In other words, Century Surety is not filing this lawsuit to resolve a legal dispute because Judge Gordon, in the federal action, has given Century Surety the forum to resolve the legal dispute.

There is no conspiracy against Century Surety. The fact is Century Surety simply breached its duty to defend. Now, having been caught breaching its obligations to defend its

///

---

[1] Throughout the complaint, Century Surety alleges that Progressive actively participated in the supposed-fraud to orchestrate the entry of a default judgment. Complaint ¶¶ 10, 11, 77, 78. Conveniently, Century Surety did not sue Progressive. Perhaps this is because Progressive has the financial wherewithal to litigate against Century Surety.

insured, Century Surety seeks to do anything possible to avoid accountability for the damages caused by its breach of the duty to defend.

Yet this Court has no reason to reach the merits of Century Surety's alleged claim of fraud and collusion in obtaining the judgment in the state action. The federal action is the forum where Century Surety can try to prove its claim of fraud and collusion. In this case, all of the allegations made by Century Surety occurred in or arose from the state action or federal action and are currently being litigated in the federal action. As set forth in the Prince Motion, the complaint should be dismissed based upon NRS 41.660 and the litigation privilege. Under NRS 41.660, all conduct relating to the procuring the judgment in the state action was based in good faith. Under the litigation privilege, all conduct relating to the state and federal action is privileged and cannot form the basis of a lawsuit.

## II.    STATEMENT OF FACTS

Sylvia Esparza is an immigration lawyer. Her husband is Ryan Pretner. He was catastrophically injured by Vasquez's negligent driving. Ms. Esparza tried to help her then boyfriend, Mr. Pretner. When the case got beyond her expertise, Ms. Esparza assisted Mr. Pretner's family in selecting and hiring Dennis Prince, a lawyer who specializes in insurance cases. Ms. Esparza's involvement as an attorney ceased. [2]

Mr. Prince filed the complaint in the state action. He sued Vazquez and Blue Streak, the business Vazquez owns and operates. Based upon his expertise, a good faith understanding of the case law and the facts, Mr. Prince alleged that Vazquez was engaging in business use at the time of the accident and was acting in the course and scope of his agency with Blue Streak. Century Surety insured Vazquez and Blue Streak for the negligent driving of Vazquez occurring in the course of a business purpose. Mr. Prince sent a copy of the complaint to Century Surety.[3]

An insurer owes a duty to defend when the complaint alleges facts showing the claim is potentially covered. *United Natl Ins. Co. v. Frontier Ins. Co.*, 120 Nev. 678, 686-687, 99 P.3d 1153, 1158-1159 (2004). Century Surety provided coverage for automobile accident occurring

---

[2] Doc. No 1, Complaint at ¶¶ 25, 26, Prince Motion, Ex. 20.
[3] Prince Motion, Exs. 5, 8, and 9.

while a vehicle was being used for a business purpose. Century Surety knew the complaint in the state action alleged a potential for coverage, thus, triggering the duty to defend as: (1) Vazquez operated a business called Century Surety; (2) the complaint in the state action alleged that Vazquez was using his truck for a business purpose for Blue Streak; and (3) Century Surety knew of facts inferring that Vazquez was using his truck for a business purpose at the time of the accident.[4]

Century Surety chose not to defend Vazquez or Blue Streak in the state action. In so doing, Century Surety breached its duty to defend Vazquez. As a result of the breach of the duty to defend, a default judgment was entered against Vazquez in the state action on April 11, 2012.[5]

On April 23, 2012, Century Surety was sued in the federal action. In its answer, Century Surety alleged that the state court judgment was obtained "through fraud, misrepresentation, and/or collusion."[6]

Separately, Century Surety in the state action filed a Motion to Intervene to set aside the judgment in the state action on the basis of alleged fraudulent conduct. On October 17, 2012, Judge Herndon rejected Century Surety's claim of fraud and refused to set aside the judgment. Century Surety never appealed or otherwise sought relief from the Nevada Supreme Court to challenge Judge Herndon's ruling.[7]

In the federal action, Judge Gordon, on September 28, 2015, found that Century Surety breached its duty to defend and was responsible for the state court judgment unless it showed "unreasonableness, fraud or collusion" at the time of trial.[8] In the same order, Judge Gordon denied Century Surety's request to reopen discovery into fraud and collusion in obtaining the judgment in the state action.[9]

This lawsuit followed where Century Surety has alleged: (1) defendants engaged in racketeering and a civil conspiracy causing a "multi-million dollar" judgment to be entered

---

[4] *Id.*, Ex 5 at 2, 3 and 62.
[5] *Andrew,* 134 F. Supp.2d at 1252.
[6] Prince Motion, Exs. 21, 22.
[7] *Id.* at Exs. 23-25.
[8] *Andrew,* 134 F. Supp.2d at 1265.
[9] *Id.* at n. 9.

against Century Surety in the state action.; and (2) Defendant Prince has attempted to collect on a judgment entered against Century Surety in the federal action.[10]

## III.   LEGAL ARGUMENT

### A.   The Case Against Ms. Esparza Should Be Dismissed.

NRS 41.660 protects a party from being subject to retaliatory litigation for communications arising from good faith communications made to a judicial body.  Further, under the litigation privilege, communications made or published in the course of judicial proceedings cannot form the basis of a lawsuit.  *Circus Circus Hotels v. Witherspoon*, 99 Nev. 56, 60, 657 P.2d 101, 104 (1983).

There is no question Century Surety's complaint is based upon communications made to a judge in the course of a judicial proceeding.  The essence of the allegations to the complaint is that Mr. Prince violated NRCP 11 when he made false allegations when he alleged in the state action "that Vasquez was driving his Ford F-150 in the course and scope of his business with Blue Streak at the time of the accident."[11]  As a result of the supposed fraudulent conduct, Judge Herndon entered a judgment against Vasquez in the state action "adopting the allegations made by Prince that '[a]t the time of the accident, Vasquez was in the course and scope of his employment and/or agency of Blue Streak acting in furtherance of its business interests.'"[12]  Century Surety alleges it has been injured because Mr. Prince has filed the federal action to bind Century Surety to the judgement in the state action.[13]  Ms. Esparza was not involved in any statement that lead to the state court judgment.  Nonetheless, Century Surety alleges Ms. Esparza supposedly aided and abetted Mr. Prince in obtaining the judgment in the state action.[14]

Century Surety' claims against all defendants arise from the following allegations: (1) false statements were made to Judge Herndon; (2) those false statement caused Judge Herndon

---

[10] Doc. No. 1 at ¶¶ 1-2.  In fact, the judgment in the state action was entered against Vasquez. No judgment has been entered against Century Surety.  No judgment will be entered against Century Surety until after the Nevada Supreme Court reaches its decision in *In Re Nalder*, 824 F.3d 854 (9th Cir. 2016) and after Judge Gordon holds a trial in the federal action.

[11] Doc. No. 1 at ¶ 67.

[12] *Id., ¶*49.

[13] *Id*. at ¶¶1-2.

[14] *Id., ¶*54.

to issue a default judgment against Vasquez; and (3) Defendant Prince has attempted to use the federal action to enforce the fraudulently obtained judgment from the state action. Doc. No. 1 at 1, 12, 55-58, 63-74.   In other words, Century Surety is suingthe defendants in retaliation for communications made to a judicial body.

As previously discussed, NRS 41.660 requires the complaint be dismissed if it is based upon good faith communications made to a judicial body.  Esparza incorporates Mr. Prince's moving papers showing that each allegation made in the complaint in the state action was based in good faith.  Therefore, under NRS 41.660, the case should be dismissed.

Under the litigation privilege, communications made or published in the course of judicial proceedings cannot form the basis of a lawsuit. *Circus Circus Hotels v. Witherspoon*, 99 Nev. 56, 60, 657 P.2d 101, 104 (1983).  As discussed, Century Surety's claims are based upon alleged misconduct occurring in the course of a judicial proceeding.  Therefore, the complaint should be dismissed on the basis of the litigation privilege.

Century Surety has the forum to litigate its claims of fraud or collusion in procuring the judgment in the state action. Judge Gordon has ruled Century Surety can avoid being responsible for the judgment in the state action if it proves fraud or collusion in obtaining the judgment. *Andrew,* 134 F. Supp.2d at 1267-1270.  The fact that Century Surety is a disgruntled litigant because Judge Gordon has entered orders against Century Surety is no grounds to bring this case.

This Court should reject Century Surety's open and obvious efforts to forum shop this case and dismiss the complaint on the basis of NRS 41.660 and the litigation privilege.

**IV.    CONCLUSION**

As set forth in this motion, this Court should issue an order dismissing the complaint on the basis of NRS 41.660 and the litigation privilege.

DATED this 5th day of December 2016.

**MATTHEW L. SHARP, LTD.**

/s/ Matthew L. Sharp
Matthew L. Sharp, Esq.
Counsel for Defendant Sylvia Esparza

6

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I hereby certify that I am an employee of MATTHEW L. SHARP, LTD., and that on December 5, 2016, I electronically filed the foregoing DEFENDANT SYLVIA ESPARZA'S TO MOTION TO DISMISS with the Clerk of the Court by using the ECF system which will send a notice of electronic filing to the following:

Maria Louise Cousineau:  maria.cousineau@cozen.com

J. Ric Gass:  gass@gwmlaw.com

Michael B. Brennan:  brennan@gwmlaw.com

Martin J. Kravitz:  mkravitz@ksjattorneys.com

DATED this 5th day of December 2016.


      /s/ Cristin B. Sharp
An employee of Matthew L. Sharp, Ltd.